1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GABRIEL ESPINOZA,                          No. CIV S-12-0758-CMK-P

12              Plaintiff,

13         vs.                                  <u>ORDER</u>

14   M.D. McDONALD, et al.

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a " short and plain statement

25   of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26   that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1

1    1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

2    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

3    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

4    with at least some degree of particularity overt acts by specific defendants which support the

5    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6    impossible for the court to conduct the screening required by law when the allegations are vague

7    and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

9            Plaintiff alleges he is being denied adequate medical care, specifically adequate

10   treatment for pain.  He names both the warden, McDonald, and a physician's assistant, Miranda,

11   as defendants in the complaint.  He states that defendant Miranda failed to provide him adequate

12   medical care because his pain has not been adequately addressed.  Plaintiff does not explain how

13   defendant Miranda has failed to provide him adequate care, only that he is still in pain.

## II.  DISCUSSION

15          Plaintiff's complaint fails to meet the requirements of Rule 8.  As discussed

16   above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's

17   complaint refers to over 200 pages of attached documents which purportedly support the factual

18   allegations against the defendants.  This pleading method does not, however, satisfy the

19   requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely,

20   and directly.  To the contrary, plaintiff's complaint would require the court to comb through 200

21   pages of documents in order to try to explain plaintiff's claims.  The court is unwilling to do this

22   in part due to limited judicial resources but also because it is for plaintiff – not the court – to

23   formulate his claims.

24          However, as stated above, it appears that plaintiff's claim is that he is being

25   denied adequate medical care.  To the extent, he is informed that the treatment a prisoner

26   receives in prison and the conditions under which the prisoner is confined are subject to scrutiny

2

under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with

1  medical care does not generally conflict with competing penological concerns.  See McGuckin,

2  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

3  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

4  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

5  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

6  treatment, or interference with medical treatment, may also constitute deliberate indifference.

7  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

8  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

9         Negligence in diagnosing or treating a medical condition does not, however, give

10  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

11  difference of opinion between the prisoner and medical providers concerning the appropriate

12  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

13  90 F.3d 330, 332 (9th Cir. 1996).

14         To the extent plaintiff is claiming he was denied adequate medical care, he must

15  explain how he was so denied and by whom.  Conclusory allegations that defendant Miranda

16  failed to provide adequate care because he is still in pain is insufficient.

17         In addition, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an

18  actual connection or link between the actions of the named defendants and the alleged

19  deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423

20  U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within

21  the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

22  omits to perform an act which he is legally required to do that causes the deprivation of which

23  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

24  conclusory allegations concerning the involvement of official personnel in civil rights violations

25  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

26  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

1   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

2           Further, supervisory personnel are generally not liable under § 1983 for the

3   actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that

4   there is no respondeat superior liability under § 1983).  A supervisor is only liable for the

5   constitutional violations of subordinates if the supervisor participated in or directed the

6   violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can

7   be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct

8   because government officials, regardless of their title, can only be held liable under § 1983 for

9   his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129

10  S. Ct. 1937, 1949 (2009).  Supervisory personnel who implement a policy so deficient that the

11  policy itself is a repudiation of constitutional rights and the moving force behind a constitutional

12  violation may, however, be liable even where such personnel do not overtly participate in the

13  offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

14          When a defendant holds a supervisory position, the causal link between such

15  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

16  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

17  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

18  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

20  official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

21          Plaintiff fails to make any allegations against defendant McDonald, beyond

22  identifying him as the warden of High Desert State Prison.  There are no allegations that

23  defendant McDonald was personally involvement in the treatment plaintiff receives, or lack

24  thereof.  If defendant McDonald had personal involvement in the claims plaintiff is alleging,

25  such personal involvement must be made clear.

26  / / /

**III.  CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  While plaintiff must allege in specific terms how he was denied adequate medical care, he must be mindful of Rule 8's requirements that the complaint contain a short and plain statement of the claim.  The pleading stage of an action is not the time to submit supporting evidence, and plaintiff is cautioned against attaching numerous documents to his complaint.

Plaintiff is further warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## IV.  MOTION TO APPOINT COUNSEL

Finally, plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff is not proceeding in forma pauperis.  Second, although plaintiff states that he is not fully literate in English, his complaint is sufficiently written for the court to understand.  Finally, it does not appear at this time that there is a likelihood of success on the merits as it appears plaintiff was provided some medical care, although not to his satisfaction.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's request for the appointment of counsel (Doc. 2) is denied

2.     Plaintiff's complaint is dismissed with leave to amend; and

3.     Plaintiff shall file an amended complaint within 30 days of the date of service of this order.


DATED:  April 30, 2012

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE