IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GABRIEL ESPINOZA,                                              No. CIV S-12-0758-CMK-P

      Plaintiff,

   vs.                                                                          ORDER

M.D. McDONALD, et al.

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's motion to prevent the California Department of Corrections and Rehabilitations from performing an autopsy in the event of his death (Doc. 8).

      In essence, plaintiff's motion is a request for injunctive relief.  The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365

1

(2008)).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff's request for injunctive relief is against individuals who are not named as defendants in this action, and is not related to the merits of this case.  There is no indication that the individuals named as defendants to this action would have any authority to authorize or deny an autopsy of plaintiff.  In addition, success on the merits of this case would have no bearing on plaintiff's request for injunctive relief.  Further, this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to prevent the California Department of Corrections and Rehabilitations from performing an autopsy in the event of his death (Doc. 8) is denied.

DATED: March 29, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE