1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GABRIEL ESPINOZA,                          No. 2:12-cv-0758-MCE-CMK-P

12              Plaintiff,

13        vs.                                   <u>FINDINGS AND RECOMMENDATION</u>

14   M.D. McDONALD, et al.

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 22).  Plaintiff

19   filed an opposition to the motion (Doc. 25), and defendants filed a reply (Doc. 26).  Plaintiff then

20   filed a response to the reply (Doc. 28) to which defendants filed a motion to strike (Doc. 29).

21        **I.        BACKGROUND**

22              This action proceeds on plaintiff's amended complaint (Doc. 6) against

23   defendants McDonald and Miranda. Plaintiff alleges that the defendants denied him adequate

24   medical care in violation of his Eighth Amendment rights.  Specifically he claims defendant

25   Miranda refused to treat his pain, and that defendant McDonald was contacted directly and

26   informed of plaintiff's need for proper medical care, but he refused to intervene on plaintiff's

behalf.

## II.     MOTION TO DISMISS

Defendants filed the pending motion to dismiss on the basis that plaintiff fails to state a claim.  Defendants argue that contrary to the allegations in the complaint, the exhibits attached thereto show that plaintiff was provided adequate medical treatment.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

1   than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

2   at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

3   it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

4   (quoting Twombly, 550 U.S. at 557).

5           In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

6   outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

7   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1)

8   documents whose contents are alleged in or attached to the complaint and whose authenticity no

9   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

10  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

11  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

12  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

13  1994).

14          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

15  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

16  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

17          Here, defendants argues that plaintiff's amended complaint, when read along with

18  the attachments thereto, fails to state a claim for denial of adequate medical care. Defendants

19  argue that the 602 inmate grievance forms plaintiff attaches to his complaint fail to support his

20  allegations that he was denied adequate medical care. Rather, they argue, the exhibits

21  demonstrate the plaintiff has been evaluated, diagnosed and treated for his condition. Thus, any

22  claim plaintiff may have regarding his medical care can only amount to a difference of opinion,

23  negligence, or malpractice at best. Given the care plaintiff received, there can be no claim of

24  denial of medical care in violation of his Eighth Amendment rights.

25          Plaintiff's response consists of fairly generic complaints about the state of the

26  health care system in the Department of Corrections and Rehabilitation. He also indicates a

3

1    possibility that he actually has Hepatitis, which he did not plead in his amended complaint.

2    Plaintiff does not dispute that he was evaluated by an outside expert.  Rather, he argues the

3    treatment he received was insufficient to provide him relief.  He argues the exhibits attached to

4    his complaint support his claim that the defendants denied him proper medical care upon request.

5         The treatment a prisoner receives in prison and the conditions under which the

6    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

7    and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

8    511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of

9    dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

10   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

11   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

12   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

13   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

14   when two requirements are met: (1) objectively, the official's act or omission must be so serious

15   such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

16   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

17   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

18   official must have a "sufficiently culpable mind."  See id.

19        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

20   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

21   105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

22   health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

23   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

24   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

25   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

26   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

4

1   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

2   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

3   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

4           The requirement of deliberate indifference is less stringent in medical needs cases

5   than in other Eighth Amendment contexts because the responsibility to provide inmates with

6   medical care does not generally conflict with competing penological concerns.  See McGuckin,

7   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

8   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

9   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

10  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

11  treatment, or interference with medical treatment, may also constitute deliberate indifference.

12  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

13  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

14          Negligence in diagnosing or treating a medical condition does not, however, give

15  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

16  difference of opinion between the prisoner and medical providers concerning the appropriate

17  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

18  90 F.3d 330, 332 (9th Cir. 1996).

19          Here, plaintiff claims in his amended complaint that he has a serious medical need

20  that requires treatment and medication that he has not received.  He does not explain precisely

21  what medical condition he has that requires treatment.  He does state that his injury is a serious

22  condition and that he is in daily pain, but is not receiving medication for his pain.  (Amend.

23  Compl., Doc. 6, at 7).  He claims defendant McDonald was contacted about plaintiff's lack of

24  treatment, to which defendant McDonald responded that plaintiff was receiving proper treatment

25  for his Hepatitis and that if he was dissatisfied he could file a 602 inmate appeal.  Plaintiff argues

26  he has never received treatment for Hepatitis.  (Id. at 8).  In addition, he claims defendant

1    Miranda refused to assist plaintiff with his pain, telling plaintiff it was all in his head and nothing

2    was wrong with him.  (Id. at 9).  He also indicates no treatment was received until after he filed

3    his inmate grievance.  He then received treatment from Dr. Fricked, including a gastroscopy.

4              Reading the complaint broadly, which the court is required to do with pro se

5    litigants, the undersigned finds two potential claims for deliberate indifference.  The first relates

6    to plaintiff's gastrointestinal problems, for which he was evaluated by Dr. Fricked.  The second

7    relates to his complaints of rib pain.  It is unclear from the facts alleged in the amended

8    complaint whether these two conditions are related. However, plaintiff's inmate grievances shed

9    some light on his condition.

10             Examining the exhibits plaintiff attaches to his amended complaint, plaintiff's

11   health care complaint relates to pain.  In his first 602 inmate grievance, log # HDP-31-11-0323,

12   plaintiff complains about pain on his right side, around his rib.  (Amend. Compl., Doc. 6, at 17).

13   His inmate appeal was partially granted at the first level, to the extent plaintiff was scheduled for

14   a gastroscopy.  (Id. at 20).  Dissatisfied with the results, plaintiff submitted his appeal to the

15   second level.  The appeal was granted at the second level, where Dr. Swingle noted plaintiff was

16   receiving appropriate care including an esophagogastroduodenoscopy (EGD) and a biopsy of the

17   antrum, results of which were still pending.  (Id. at 22).

18             Plaintiff then filed a second 602 inmate grievance, log # HDSP-HC-11024812.

19   This appeal was denied at the first level, wherein it was indicated that plaintiff has received

20   treatment, had normal lab tests, and was not compliant with supportive medications.  At the

21   second level, Dr. Swingle stated:

22        Your allegations of being denied appropriate medical care is
          unfounded.  It is noted that on 9/7/2011 you were evaluated for
23        complaint of chest pain in the Treatment and Triage Area (TTA).
          It was determined that you probably had GI upset versus
24        costochondritis.  Your complaint of right rib pain for over two
          years is consistent with costochondritis (inflammation of the rib
25        cartilage).  It is noted that you also have a history of
          gastroesophageal reflux disease (GERD).  You had an endoscopy
26        with a mucosal biopsy that showed mild gastritis and H. Pylori

                                                 6

1  bacteria were negative.  You have been resistant to taking antacids
   in the past but you agreed to Ranitidine 150 mg twice a day when
2  you were seen for your TTA follow-up visit on 9/21/2011.  There
   is no medical indication for you to be seen by a specialist for a
3  second opinion.

4  (Amend. Compl., Doc. 6, at 28).

5       This decision sheds some light on plaintiff's claims.  As indicated above, at first

6  blush, it would appear that plaintiff may have two claims for failure to provide medical

7  treatment.  The first related to plaintiff's gastrointestinal problems; the second related to his

8  complaints of rib pain.  However, reading Dr. Swingle's decision it is clear that plaintiff's

9  complaints of rib pain were not ignored as would appear at first.  Rather, his complaints were

10 evaluated, and it was determined the type of symptoms plaintiff was complaining about related to

11 GI upset, not the inflammation of rib cartilage.  Any errors in that determination, and any

12 resulting ineffective treatment, do not amount to a deliberate indifference claim.  At best,

13 plaintiff would have a negligence or medical malpractice claim if his condition was

14 misdiagnosed.  But, it is clear from reading the inmate appeals plaintiff submitted with his

15 complaint, that his pain complaints were evaluated, and he was provided treatment.  Whether the

16 treatment was completely effective does not alter the finding that the defendants were not

17 deliberately indifferent to his medical needs as they did provide medical care.

18      As to plaintiff's claim against defendant McDonald, relating to possible Hepatitis

19 treatment, plaintiff also fails to state a claim.  Again, reading the complaint broadly, it would

20 appear that plaintiff was claiming he has Hepatitis but has not received the proper treatment.

21 However, in his opposition to the motion, plaintiff makes it clear that he has not been diagnosed

22 with Hepatitis.  Rather, defendant McDonald's response to whether plaintiff was receiving

23 proper treatment for his medical issues would appear to be inaccurate.  While defendant

24 McDonald may have responded inaccurately as to whether or not plaintiff was receiving

25 treatment for Hepatitis, as discussed above plaintiff has in fact received treatment for his medical

26 issues.  Thus, whether defendant McDonald's response was inaccurate as to the type of treatment

1  plaintiff has been receiving is not sufficient to state a claim for deliberate indifference, especially

2  where, as here, plaintiff has been receiving treatment.

3            In opposition to the motion, plaintiff argues that the defendants' motion fails to

4  demonstrate that he is not suffering pain due to the denial of proper medical care.  A claim for

5  deliberate indifference requires a defendant to act with the intention of causing the plaintiff harm,

6  such as a refusing treatment.  Where treatment is provided, even if it is not completely effective,

7  there generally will not be an Eighth Amendment violation.  At best, that would amount to a

8  negligence or malpractice claim.  Thus, where a prisoner receives treatment for his medical

9  condition, even if he continues to be in pain, such as plaintiff claims here, no claim for deliberate

10 indifference can be made. The exhibits attached to plaintiff's amended complaint show that

11 despite his claims of not receiving proper medical treatment, he did receive treatment.

12           As to plaintiff's nebulous Fourteenth Amendment claim, the undersigned agrees

13 with the defendants in that plaintiff cannot state a claim.  Prisoners have no stand-alone due

14 process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d

15 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding

16 that there is no liberty interest entitling inmates to a specific grievance process).  Because there is

17 no right to any particular grievance process, it is impossible for due process to have been violated

18 even where the grievance is ignored or not properly processed.  Here, it is clear that plaintiff was

19 able to proceed through the grievance process unhindered.  Plaintiff has attached the decisions,

20 through the third and final level, to his complaint.  Therefore, the undersigned can find no due

21 process claim.

22           Finally, defendants  move to strike plaintiff's response to their reply (Doc. 29).

23 The undersigned agrees that plaintiff's response is not contemplated by the Federal Rules of Civil

24 Procedure.  However, plaintiff's response does not alter the evaluation of the motion to dismiss

25 nor the undersigned's recommendation that the motion be granted.  Therefore, the undersigned

26 finds it unnecessary to strike the response.

### III.    CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss (Docs. 22) be granted, without leave to amend, and the motion to strike (Doc. 29) be denied as unnecessary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE